IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JEMACO, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| JOOVY HOLDING CO. & JOOVY, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff Jemaco, LLC by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Jemaco, LLC ("Jemaco") is a Texas limited liability company with a place of business located at 1400 Preston Road, Suite 475, Plano, Texas 75093.

2. Upon information and belief, Defendant Joovy Holding Co. is a Texas corporation with a place of business located at 2919 Canton Street, Dallas, TX 75226.

3. Upon information and belief, Joovy, LLC is a Texas limited liability company with a place of business located at 2919 Canton Street, Dallas, TX 75226.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

5. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

6. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements

alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

7. Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENT-IN-SUIT

8. United States Patent No. 5,839,748 (the "'748 patent"), entitled "Convertible Stroller" was duly and lawfully issued by the U.S. Patent and Trademark Office on November 24, 1998.  A true and correct copy of the '748 patent is attached hereto as Exhibit A.

9. The claims of the '748 patent disclose a child stroller which is convertible between a sitting condition, which is adapted to carry a child in a normal sitting position, and a standing condition, which is adapted to carry a child in a standing positon.  In the sitting condition, a seat precludes a child from standing on the step.

10. The inventor of the invention claimed in the '748 patent, Joan Cohen, was a mother, who created the invention because her child frequently preferred to stand, rather than sit, in a stroller.  Thus, Ms. Cohen created her invention in order to provide her child with a safe stroller in which to stand when needed, while being pushed, while being able to convert the stroller back to a sitting stroller at other times.  At the time Ms. Cohen created her invention, no standing strollers of any kind were available on the market, let alone one that was convertible between sitting and standing.

11. Jemaco is the assignee and owner of the right, title and interest in and to the '748 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## **COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,839,748**

12. Jemaco repeats and realleges the allegations of paragraphs 1 through 11 as if fully set forth herein.

13. Without license or authorization and in violation of 35 U.S.C. § 271(a), Joovy Holding Co. and Joovy, LLC (collectively "Joovy" or "Defendants") have infringed at least claims 1, 5, 13 and 14 of the '748 patent by making, using, importing, offering for sale, and/or selling a stroller that is convertible between a sitting condition, which is adapted to carry a child in a normal sitting position, and a standing condition, which is adapted to carry a child in a standing position, and where a seat precludes a child from standing on the step, including Joovy's Caboose line of strollers, including at least the following strollers:  Caboose Ultralight Stroller, Caboose Too Ultralight Stand-On Tandem Stroller, Caboose Stand-On Tandem Stroller, Caboose Stand-On Tandem Double Stroller, Big Caboose Stand-On Triple Stroller Stroller, Ergo Caboose Stroller, Caboose VaryLight Stand-On Tandem Stroller, Caboose VaryLight Graphite Stand-On Tandem Stroller and other models of the Caboose stroller meeting the elements of the asserted claims, as explained below (collectively the "Accused Joovy Strollers").  Upon information and belief, the Accused Joovy Strollers may also include Graphite models of Caboose strollers other than the one identified here, but, to date, Jemaco has been unable to determine from publicly available information whether those models were sold during the relevant damages period.

14. More specifically, each of the Accused Joovy Strollers meets all of the limitations of Claim 1 as it includes (1) a frame; (2) a plurality of wheels rotatably mounted to the frame, the wheels supporting the frame above the ground when they are in contact with the ground; (3) a seat which in the stroller's sitting condition is secured to the frame generally horizontally at a height above the ground sufficient to enable a child to sit upon the seat in a normal sitting

position; (4) a step which in the stroller's standing condition is secured to the frame generally horizontally at a height above the ground which is lower than the height of the seat in the stroller's sitting condition; and (5) a seat which, when the stroller is in a sitting condition, precludes a child from standing on the step.  By way of further explanation, the seat described in the foregoing at elements 3 and 5 is either the rear bench seat found in the Accused Joovy Strollers and/or a removable seat also found in such strollers such as the Caboose Too Rear Seat and/or a compatible infant car seat.

15. Further, each of the Accused Joovy Strollers also meets all of the limitations of Claim 13 as it is a child stroller that includes (1) a seat; and (2) a step below the seat; (3) where the seat is moveable from a position where it precludes a child from standing on the step to; (4) a position in which a child may stand on the step without interference by the seat.  The seat described in the foregoing at elements 2 and 3 is either the rear bench seat found in the Accused Joovy Strollers and/or a removable seat also found in such strollers such as the Caboose Too Rear Seat and/or a compatible infant car seat.

16. Further, each of the Accused Joovy Strollers meet all the limitations of dependent claims 5 and 14 of the '748 patent because it includes a means for restraining a child standing on the step from falling from the stroller, namely the handles on the frame.

17. Jemaco is entitled to recover from Defendant the damages sustained by Jemaco as a result of Defendant's infringement of the '748 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

18. Upon information and belief, Joovy began to sell certain models of the Accused Joovy Strollers prior to 2010, and likely as early as December, 2005.

19. Joovy had actual knowledge of the '748 patent at least as early as 2010, having been informed of the issuance of the '748 patent by Ms. Cohen, the inventor and then owner of the patent at that time.

20. Specifically, starting in or about 1995 or 1996, after her patent application was filed, Ms. Cohen began to contact various stroller manufacturers whom she thought might be interested in licensing and producing her invention. Ms. Cohen's efforts to license her invention continued after the issuance of the '748 patent, until at least 2010.

21. On or about August 23, 2010, after the issuance of the '748 patent, Ms. Cohen contacted Joovy about the invention contained in the '748 patent, inquiring whether Joovy would like to license the invention. On August 26, 2010, Joovy's President, Rob Gardner, called Ms. Cohen in response to her letter. Mr. Gardner advised Ms. Cohen he did not remember seeing her patent before, but had reviewed it now, and was prepared to pay her a royalty of 1-3% for a license. He advised that he was traveling to China soon and would call her when he returned.

22. Thereafter, in November, 2010, Mr. Gardner called Ms. Cohen again and advised her that he had changed his mind, did not want to pay any royalties and instead offered to purchase her patent for $7,000. Ms. Cohen did not accept this offer.

23. Joovy continued to sell the Accused Joovy Strollers after being informed of the '748 patent.

24. Upon information and belief, based upon this information and other information solely in the possession of Joovy, that will be developed through discovery in this action, Joovy's infringement of the '748 patent was willful.

**JURY DEMAND**

Jemaco hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Jemaco requests that this Court enter judgment against Defendants as follows:

A. An adjudication that Defendants have infringed the '748 patent;

B. An award of damages to be paid by Defendants adequate to compensate Jemaco for Defendants' past infringement of the '748 patent through the date of the expiration of the '748 patent, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Jemaco's reasonable attorneys' fees; and

D. An award to Jemaco of such further relief at law or in equity as the Court deems just and proper.

Dated:  November 2, 2016

*/s/ Nocole D. Galli*
Nicole D. Galli (PA SB #78420)
Law Offices of N.D. Galli LLC
2 Penn Center Plaza, Suite 910
1500 JFK Blvd
Philadelphia, PA 19102
Telephone:  (215) 525-9580
Facsimile:    (215) 525-9585
ndgalli@ndgallilaw.com


*/s/ L. Charles van Cleef*
L. Charles van Cleef
State Bar No. 00786305 (TX)
Van Cleef Law Office
PO Box 2432
Longview, Texas 75606-2432
Telephone:  (903) 248-8244
Facsimile:  (903) 248-8249
charles@vancleef.pro

*Attorneys for Plaintiff Jemaco, LLC*